IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

KERRY C. BARNES, SCHRONDA S.
TRAYLOR, BRANDON M. BARNES,
and LACEY T. BARNES on behalf of
.Evelyn L. Barnes, deceased,

                Plaintiffs,

vs.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security
Administration,

                Defendant.

Case No. 13-CV-539-JED-FHM

## REPORT AND RECOMMENDATION

Plaintiff,[1] Evelyn L. Barnes, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[2] The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v.*

---

[1] Although Plaintiff is now deceased, throughout this report and recommendation, the undersigned will refer to the Social Security claimant as Plaintiff because it is her medical records and testimony being discussed.

[2] Plaintiff's January 27, 2011, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Edmund C. Werre was held February 14, 2012. By decision dated April 19, 2012, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on July 8, 2013. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

*Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 44 years old on the alleged date of onset of disability and 46 on the date of the ALJ's denial decision. She completed the ninth grade and formerly worked as a fast food worker, forklift driver, parts puller, and cook. She claims to have been unable to work since May 5, 2010 as a result of pain and dysfunction related to cervical and rib fractures sustained in an automobile accident, degenerative disc disease, hypertension, and asthma.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b) with no more than occasional lifting up to 20 pounds; no more than frequent lifting or carrying up to 10 pounds, standing and/or walking 6 hours out of an 8-hour workday; sitting 6 hours out of an 8-hour workday; no climbing; other postural activities occasionally; no exposure to temperature or humidity

extremes; no exposure to irritants such as gases fumes, and chemicals; and no exposure to hazards such as unprotected heights and being around dangerous moving machinery. Although Plaintiff is unable to perform her past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts that the ALJ erroneously rejected Dr. Kache's opinion regarding her handling impairments and failed to adequately develop the record.

## **Analysis**

### Handling Impairments

The ALJ addressed Plaintiff's allegations that she has problems with her hands and that they are numb. The ALJ noted that the emergency room treatment records on November 11, 2011 contained complaints of numb hands, and that treatment records for the period from September 2011 to February 2012 contain no mention of hand numbness. Physical examination conducted on March 18, 2011 showed Plaintiff had 5/5 strength in all extremities and no sensory deficits. [R. 32, 348-354]. The ALJ stated that, based on the totality of the evidence, the alleged hand problems would have only a minimal effect on the ability to perform work-related activities, and therefore he considered the hand

3

complaints to be nonsevere. [R. 32] *See* 20 C.F.R. § 404.1521, 416.921(addressing what is meant by an impairment that is not severe).

Plaintiff argues that the ALJ's step two finding that the hand impairment was not severe, and the RFC finding which did not contain limitations for hand impairments erroneously ignores or rejects the opinion of the consultative examiner, Dr. Kache. Dr. Kache performed a consultative examination in which he made objective findings about Plaintiff's handgrip strength, that she was able to make a full fist and approximate fingertips to her palms without difficulty. Dr. Kache also recorded Plaintiff's comment that she has to use both hands to pick up pots and pans to keep them from falling. [R. 349]. Dr. Kache found Plaintiff had 5/5 strength in her arms and legs, [R. 350], and full range of motion in her fingers and hands. [R. 352-353]. In answer to the question on the form whether the claimant can effectively grasp tools such as a hammer, Dr. Kache answered, "on occasion, yes." [R. 353].

The undersigned finds that the ALJ did not ignore the opinion of Dr. Kache. The ALJ is not required to discuss every piece of medical evidence in the record. *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). The ALJ's decision reflects that he considered Dr. Kache's findings. However, the ALJ stated he made the determination about Plaintiff's alleged hand impairments based on the totality of the evidence and stated he carefully considered the entire record. [R. 32]. The Tenth Circuit has stated it will take the ALJ at his word when the entirety of the ALJ's discussion of the evidence and the reasons for his conclusions demonstrate that he adequately considered the claimant's impairments. *Wall v. Astrue*, 561 F.3d 1048, 1070 (10th Cir. 2009). The undersigned finds that the ALJ's decision demonstrates he adequately considered Plaintiff's impairments in this case.

The undersigned finds that the ALJ did not impermissibly pick and choose the parts of an uncontradicted medical opinion to arrive at his conclusion, as Plaintiff claims. [Dkt. 18, p. 1]. The ALJ noted the lack of support in the record for any hand limitations and also noted Dr. Kache's objective findings about Plaintiff's hands. [R. 32, 351-52].

### Development of the Record

Plaintiff argues that the ALJ failed in his duty to adequately develop the record regarding her impairments. Plaintiff asserts that the record was inadequately developed because a treating doctor recommended that she undergo a pain clinic consultation and the record does not reflect that such a consultation occurred. In addition, Plaintiff points out that her hearing attorney requested that she be evaluated by a qualified pain specialist. According to Plaintiff, the case should therefore be remanded with instructions to obtain a pain clinic consultation as recommended by her physician.

The undersigned finds no error in the ALJ's treatment of the request for additional evaluation. The ALJ specifically addressed the request for additional testing, finding that "there is more than enough evidence to decide the claimant's case without delay." [R. 34]. An ALJ has "broad latitude in ordering consultative examinations." *Hawkins v. Chater*, 113 F.3d 1162, 1166 (10th Cir. 1997). The decision to purchase a consultative examination is made on an individual case basis. 20 C.F.R. § 404.1519. Generally, a consultative examination may be ordered to resolve an inconsistency in the record or when the evidence as a whole is not sufficient to make a decision. 20 C.F.R. § 404.1591a(b). In this case, there is no direct conflict in the medical evidence requiring resolution and the medical evidence in the record is not inconclusive. In any event, since Plaintiff is deceased remand

5

for a consultative examination would be fruitless. The undersigned finds that the ALJ did not err in failing to order a consultative examination from a pain specialist.

**Conclusion**

The undersigned United States Magistrate Judge finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further that there is substantial evidence in the record to support the ALJ's decision. Accordingly, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before December 8, 2014.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th

6

Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 24th day of November, 2014.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE