IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KERRY C. BARNES, SCHRONDA S. TRAYLOR, BRANDON M. BARNES, and LACEY T. BARNES on behalf of Evelyn L. Barnes, deceased, | ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 13-CV-539-JED-FHM |
| Plaintiffs, | | |
| v. | | |
| CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration, | | |
| Defendant. | | |

**OPINION AND ORDER**

Before the Court is the Report and Recommendation (R&R) of United States Magistrate Judge Frank H. McCarthy (Doc. 22) and plaintiffs' Objection (Doc. 23) to the R&R. In the R&R, Judge McCarthy found that the Administrative Law Judge (ALJ) evaluated the record in accordance with applicable legal standards and that there is substantial evidence in the record to support the ALJ's decision denying Evelyn L. Barnes Social Security disability benefits. (Doc. 23 at 3-6). Accordingly, Judge McCarthy recommends that the defendant's decision finding Ms. Barnes not disabled be affirmed.[1]

Plaintiffs filed a timely Objection to the R&R. The Court must determine de novo any part of the R&R that has been properly objected to, and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The Court has conducted a de novo review, fully

---

[1] Evelyn Barnes died on May 26, 2014, while this matter was pending and prior to the filing of the R&R in this case. The plaintiffs named in the style of this case were substituted as parties on September 5, 2014. (*See* Doc. 19, 20, 21).

considered the limited issues argued in plaintiffs' Objection, and has determined that the Objection should be denied and the R&R should be accepted in full.

   1. *Hand Impairments*

The gravamen of plaintiffs' Objection focuses on one notation in a report of a consultative examination performed by Dr. Ashok Kache. According to plaintiffs, in determining Evelyn Barnes's hand complaints to be nonsevere, the ALJ ignored a notation by Dr. Kache in response to the form's question "Can the claimant effectively grasp tools such as a hammer?" (*See* Doc. 23 at 2; R. 353). The handwritten notation next to that question is "on occasion, yes." (R. 353). Judge McCarthy rejected that argument and stated as follows:

> Dr. Kache performed a consultative examination in which he made objective findings about Plaintiff's handgrip strength, that she was able to make a full fist and approximate fingertips to her palms without difficulty. Dr. Kache also recorded Plaintiff's comment that she has to use both hands to pick up pots and pans to keep them from falling. Dr. Kache found Plaintiff had 5/5 strength in her arms and legs, and full range of motion in her fingers and hands. In answer to the question on the form whether the claimant can effectively grasp tools such as a hammer, Dr. Kache answered, "on occasion, yes." The undersigned finds that the ALJ did not ignore the opinion of Dr. Kache. The ALJ is not required to discuss every piece of medical evidence in the record. *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). The ALJ's decision reflects that he considered Dr. Kache's findings. However, the ALJ stated he made the determination about Plaintiff's alleged hand impairments based on the totality of the evidence and stated that he carefully considered the entire record. The Tenth Circuit has stated that it will take the ALJ at his word when the entirety of the ALJ's discussion of the evidence and the reasons for his conclusions demonstrate that he adequately considered the claimant's impairments. *Wall v. Astrue*, 561 F.3d 1048, 1070 (10th Cir. 2009). The undersigned finds that the ALJ's decision demonstrates he adequately considered Plaintiff's impairments in this case.

(R&R at 4) (record citations omitted).

Plaintiffs argue that the record does not support Judge McCarthy's determination on this issue. (Doc. 23). After reviewing the entire record, the Court rejects the plaintiffs' Objection relating to hand impairments. As Judge McCarthy stated, the record in fact establishes that the

ALJ reviewed and considered Dr. Kache's report of the consultative examination and fully considered the record relating to Evelyn Bates's hand impairments, and the record as a whole supports the ALJ's determination that her hand complaints were nonsevere. The ALJ's decision references Dr. Kache's report (which was Exhibit 1F) several times, and considered it for both step two and step four findings. (*See, e.g.*, R. 32-34). Moreover, the record, including Dr. Kache's report, supports the ALJ's determination that "[b]ased on the totality of the evidence ... the claimant's impairments of hand problems represent no more than a slight abnormality and would have only a minimal affect [sic] on the claimant's ability to perform work-related activities and thus, are nonsevere." (R. 32; *see* R. 348-354). Dr. Kache's "Hand/Wrist Sheet," which contains the single notation that plaintiffs reference in their Objection, indicates that Evelyn Bates had a full range of motion in hands and wrist, she could "effectively oppose the thumb to the fingertips," and "manipulate small objects." (R. 353).

For the foregoing reasons, the Court adopts Magistrate McCarthy's findings and conclusions on the ALJ's determination that Evelyn Bates's hand impairment was not severe.

   2.   *Record Development Regarding Pain*

In the briefing that was considered by Judge McCarthy, Evelyn Bates argued that the ALJ "failed to fulfill his duty to properly develop [the] record when he failed to obtain the further evaluation of [her] physical pain impairments...." (Doc. 16 at 10). She requested that the case be "remanded with instructions for the ALJ to properly develop the record by obtaining the consultative pain examination recommended by Dr. Dudney." (*Id.*). That request was based upon Dr. Dudney's chart note, "[r]equest a pain clinic consultation for possible [illegible] ... for radiculopathy and possible spinal stenosis." (*See* Doc. 450; Doc. 16 at 8 [citing Doc. 450]). Unfortunately, Evelyn Bates died on May 26, 2014, as a result of ischemic cardiomyopathy

caused by acute myocardial infarction (heart failure after heart attack). (Doc. 19-1). Plaintiffs thus acknowledge that a remand for a consultative pain examination "was rendered 'fruitless' by [Evelyn Bates's] death," but they assert a different reason for remand and ask for a supplemental hearing with expert medical testimony "regarding the progression of Ms. Barnes' ultimately fatal medical condition and the limitations caused by her combination of severe impairments prior to the time of her death." (Doc. 23 at 2-3).

Following a review of the record, including Dr. Dudney's chart note, the Court finds no error in the ALJ's decision to deny further consultative examination, which was requested by Evelyn Bates's counsel at the hearing before the ALJ. (R. 34). The Court thus agrees with the following analysis in Judge McCarthy's R&R, and will adopt the R&R on this issue:

> The undersigned finds no error in the ALJ's treatment of the request for additional evaluation. The ALJ specifically addressed the request for additional testing, finding that "there is more than enough evidence to decide the claimant's case without delay." And ALJ has "broad latitude in ordering consultative examinations." *Hawkins v. Chater*, 113 F.3d 1162, 1166 (10th Cir. 1997). The decision to purchase a consultative examination is made on an individual case basis. 20 C.F.R. § 404.1519. Generally, a consultative examination may be ordered to resolve an inconsistency in the record or when the evidence as a whole is not sufficient to make a decision. 20 C.F.R. § 404.1591a(b). In this case, there is no direct conflict in the medical evidence requiring resolution and the medical evidence in the record is not inconclusive. In any event, since [Evelyn Bates] is deceased remand for a consultative examination would be fruitless. The undersigned finds that that ALJ did not err in failing to order a consultative examination for a pain specialist.

(Doc. 22 at 5-6). The foregoing statements in the R&R are accurate.

IT IS THEREFORE ORDERED that the plaintiffs' Objection (Doc. 23) is **overruled**, the Report and Recommendation (Doc. 22) is hereby **accepted**, and the Commissioner's decision finding Evelyn Bates not disabled is **affirmed**. A separate judgment will be entered forthwith.

SO ORDERED this 2nd day of October, 2015

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE